UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC M. MUTCHERSON,

    Plaintiff,

v.                                                                        Case No. 8:05-cv-421-T-23TGW

K. O'CONNER,

    Defendant.
_____/

## **O R D E R**

Mutcherson has paid the required initial installment towards the filing fee. He alleges in his civil rights complaint that the defendant police officer used excessive force during the arrest. Having reviewed the complaint, and even though allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam), the complaint does not warrant service on the named defendants.

Pursuant to the Prisoner Litigation Reform Act, federal courts must dismiss an *in forma pauperis* prisoner's claims "if the allegation of poverty is untrue," or the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e).

Mutcherson alleges that while fleeing on his bicycle from the scene of a controlled drug buy, the defendant grabbed him by the arm causing him to fall to the

ground.  After the defendant handcuffed Mutcherson, Mutcherson complained about his arm.  The defendant adjusted the handcuffs and called for an ambulance.  Mutcherson was transported to the hospital where he was diagnosed as having suffered a fractured left wrist.  According to the complaint, the fracture was a re-break of a recent injury that had not properly healed.

The law regarding the use of excessive force during an arrest has been well developed over the years.

> The Supreme Court has instructed that "*all* claims that law enforcement officers have used excessive force–deadly or not–in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989).  It is well established that "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id.* at 396, 109 S. Ct. 1865.  To determine whether the force used is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interest against the countervailing governmental interests at stake. . . .  Because "the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish*, 441 U.S. 520, 559, 99 S. Ct. 1861, 60 L.Ed.2d 447 (1979), "its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396, 109 S. Ct. 1865.

*Jackson v. Sauls*, 206 F.3d 1156, 1169-70 (11th Cir. 2000) (emphasis original) (citations omitted).  The standard for determining whether the use of force was constitutionally permissible is objective reasonableness.  Mutcherson, who was attempting to evade arrest by flight, was pulled from his bicycle.  During the fall his left wrist was injured.

Consequently, the injury was accidental.  Under these circumstances, the amount of force was objectively reasonable.

Accordingly, the civil rights complaint is **DISMISSED** as frivolous.  The clerk shall **ENTER A JUDGMENT** against Mutcherson and **CLOSE** this action.

ORDERED in Tampa, Florida, on June 28, 2005.

/s/ Steven D. Merryday
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro